UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARLYN FOO, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 15-cv-2033 (TSC) <br> ) |
| REX TILLERSON, <br> Secretary, U.S. Department of State, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

Defendants have moved for reconsideration of the court's March 23, 2017 decision, granting in part and denying in part the parties' cross-motions for summary judgment. Upon consideration of the parties' filings, and for the reasons stated herein, Defendants' Motion for Reconsideration will be DENIED.

**I.   BACKGROUND**

The facts of this case are set forth in more detail in the court's March 23, 2017 Memorandum Opinion. (ECF No. 24 ("Mem. Op.")). Plaintiff SharLyn Foo's father, Charles Foo, received retirement annuity payments through the State Department's Foreign Service Retirement and Disability System from 1975, until he died in 1984. (*See* ECF No. 1 ("Compl.") ¶¶ 17–18; ECF No. 15-4 at 1). After his death, Plaintiff's mother, Lorna Foo, lawfully collected survivor annuity payments, which were deposited monthly into a First Hawaiian bank account, co-owned by Lorna Foo and Plaintiff. (ECF No. 1-3 at 3; Compl. ¶ 17). In May 2012, almost 15 years after her mother died, Plaintiff received a letter from the State Department informing her that her mother's survivor annuity payments had been overpaid, and that she was responsible for

1

repaying the State Department. (Compl. ¶ 55; ECF No. 15-2). After unsuccessfully contesting this repayment—first with the State Department directly and later before the Foreign Service Grievance Board ("FSGB")—Plaintiff filed a complaint with this court, arguing that the FSGB violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, when it: (1) misinterpreted and misapplied the "substantial evidence" standard under 22 C.F.R. § 17.8(b); (2) misconstrued 22 U.S.C. § 4047(d) in ruling that she was ineligible for a waiver of repayment; and (3) erroneously concluded that the State Department did not act *ultra vires* when it promulgated 22 C.F.R. § 17.7(a)(2). (Compl. at 19–21).

Upon consideration of the parties' cross-motions for summary judgment, the court found that the State Department did not act *ultra vires* when it promulgated 22 C.F.R. § 17.7(a)(2), but that the FSGB erred by: (a) applying an evidentiary standard higher than the "substantial evidence" standard required under 22 C.F.R. § 17.8(b); and (b) finding that the annuity payments were made to an estate under 22 C.F.R. § 17.7(a)(2). (Mem. Op. at 9, 12–13). As a result, the court remanded this case to the FSGB for consideration of the merits of Plaintiff's waiver request. (ECF No. 25 ("Order")). Defendants ask this court to reconsider its partial denial of Defendants' motion for summary judgment and its remand to the FSGB, arguing that the court erroneously failed to consider "to whom" the annuity payments were addressed when rendering its decision. (ECF No. 30 ("Defs. Mot.") at 1–2).

## II. LEGAL STANDARD

A court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six enumerated reasons, including "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011). District courts are "'vested with a large measure of discretion'" in ruling

on Rule 60(b) motions. *Owens v. Republic of Sudan*, 864 F.3d 751, 818 (D.C. Cir. 2017) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). Nonetheless, under Rule 60(b), the trial judge must strike a "'delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Id.* (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). The Supreme Court has noted that the party seeking relief under Rule 60(b)(6) bears the burden of demonstrating that "extraordinary circumstances" justify relief. *Salazar*, 633 F.3d at 1116 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)); *see also Ackermann v. United States,* 340 U.S. 193, 199 (1950)). The D.C. Circuit has observed that Rule 60(b)(6) "'should be only sparingly used.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577)).

### III.  DISCUSSION

Defendants argue that as a part of determining whether the State Department mistakenly deposited annuity payments into Lorna Foo's estate or into Plaintiff's bank account, the court should have also considered "to whom" the annuity payments were addressed. (Defs. Mot. at 1–2). Defendants argue that such consideration would clarify "that because the funds were designated to Lorna Foo after her death, they would have become payments to the estate of Lorna Foo, making Plaintiff ineligible to seek a waiver of the recovery of those funds." (*Id.* at 6).

The court finds that as a threshold matter, Defendants have failed to clear the "high bar" of demonstrating "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Kramer*, 481 F.3d at 792 ("In short, plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)."). Defendants must show that, absent relief, "inequity or hardship" would occur.

3

*Twelve John Does*, 841 F.2d at 1140. Rather than informing the court of a tangible, definite hardship they will face absent a ruling in their favor, Defendants make blanket assertions regarding the impact of the court's decision. Specifically, they argue that as a result of the court's decision, "individuals who are not the intended beneficiaries of government funds can claim ownership of those funds simply by the luck of being named on a joint account with the intended beneficiaries." (Defs. Mot. at 3). Defendants also argue that the court's decision "appears to support the proposition that anyone with an interest in an account can begin claiming legal ownership of funds disbursed into that account *after the designated beneficiary's death* and made *payable to the designated beneficiary* despite the fact that they were never an intended recipient." (*Id.* at 3–4 (emphasis in original)). The State Department fails to present any arguments regarding the hardship the court's decision—whether or not it has the sweeping effect Defendants claim—will cause the State Department specifically. Absent a showing of "inequity or hardship," Defendants are not entitled to relief under the "sparingly used" Rule 60(b)(6).

Moreover, Defendants' speculation regarding the consequences of the court's decision is unfounded. The question before the court was whether the FSGB violated the APA in finding that Plaintiff's failure to proffer substantial evidence that the annuity payments were not made to her mother's estate rendered her ineligible to request a waiver. The court found that the FSGB did violate the APA, and that in this particular case, under Hawaiian law, Plaintiff provided substantial evidence that the annuity overpayments were being paid into her bank account, not her mother's estate, and that she was therefore entitled to a waiver determination under 22 U.S.C. § 4047(d). The court did not find, as Defendants suggest, that: (1) in all instances in which government funds are deposited into a joint account, a joint owner can claim entitlement to any overpayments; or even that (2) in this specific case, Plaintiff is entitled to the annuity

4

overpayments.  Therefore, the court's decision does not inevitably give rise to the proposition that all unintended beneficiaries of government funds with an interest in an account are entitled to *overpayments*, but rather that Plaintiff, in this particular case and under 22 U.S.C. § 4047(d), is entitled to a *waiver determination* regarding the overpayments.

Indeed, the court remanded the case to the FSGB "for consideration of the *merits* of Plaintiff's waiver request." (Mem. Op. at 13 (emphasis added)).  Pursuant to 22 U.S.C. § 4047(d), the FSGB must determine whether Plaintiff is "without fault" for the overpayments and whether "recovery [of the overpayments] would be against equity and good conscience or administratively infeasible." 22 U.S.C. § 4047(d).  Thus, even a finding in Plaintiff's favor under 22 U.S.C. § 4047(d) would not necessarily mean that Plaintiff was *entitled* to the overpayments; rather, it would indicate that the State Department's recovery of the overpayments would be against equity and good conscience or administratively infeasible.  The court's decision therefore does not have the sweeping effect Defendants claim, and they cannot demonstrate "extraordinary circumstances" warranting relief under Rule 60(b)(6).

In addition to failing to show the "extraordinary circumstances" necessary for relief under Rule 60(b)(6), Defendants also offer no valid reason for the court to reconsider its prior decision. *See Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("[A] Rule 60(b) motion will not be granted unless the movant 'can demonstrate a meritorious claim or defense.'") (quoting *Lepkowski v. U.S. Dep't of Treasury,* 804 F.2d 1310, 1314 (D.C. Cir. 1986)).  The court based its decision on (1) the fact that the FSGB improperly applied a higher standard than "substantial evidence," and (2) the fact that under Hawaiian law, Plaintiff became the owner of the bank account upon her mother's death. (*See* Mem. Op. at 12).  Instead of addressing these findings, Defendants argue—for the first time—that the payments deposited into the First

5

Hawaiian bank account were "erroneous payments," not "overpayments," and therefore Plaintiff is not entitled to a waiver determination. (Defs. Mot. at 6).

The court finds Defendants' argument unavailing. First, as a procedural matter, Defendants cannot raise their "erroneous payments" versus "overpayments" argument for the first time in a motion for reconsideration. *See Carter v. Washington Metro. Area Transit Auth.*, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (finding that an argument was improperly raised when first raised in the movant's motion for reconsideration)*; see also Cincinnati Ins. Co. v. All Plumbing, Inc. Serv., Parts Installation*, 64 F. Supp. 3d 69, 78 (D.D.C. 2014) ("A motion for reconsideration cannot be used as 'a vehicle for presenting theories or arguments that could have been advanced earlier.'") (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia,* 771 F. Supp. 2d 5, 10 (D.D.C. 2011)).

Since May 2012, when the State Department first informed Plaintiff of its error, Defendants have referred to the mistakenly-paid annuity payments as "overpayments." In its May 2012 letter, for example, the State Department informed Plaintiff that "the late Lorna Foo's Foreign Service Survivor Annuity account revealed an *overpayment*." (ECF No. 15-2 (emphasis added)). The State Department's March 2014 letter informed Plaintiff that her waiver request was denied because "[t]he Department is prohibited from waiving collection of an *overpayment* to an estate under 22 C.F.R. 17.7(a)(2)." (ECF No. 15-4 at 3 (emphasis added)). Indeed, Defendants first used the phrase "erroneous payments" in their Reply in support of their motion for summary judgment. (*See generally* ECF No. 20). Even then, however, Defendants did not argue that there was a difference between "erroneous payments" and "overpayments." Defendants cannot now, for the first time, argue that the payments were not "overpayments" for purposes of 22 U.S.C. § 4047(d).

Second, even if Defendants could properly raise the argument at this stage of the proceedings, it is unpersuasive. Defendants primarily rely on two Ninth Circuit decisions for their argument: *Powderly v. Schweiker*, 704 F.2d 1092 (9th Cir. 1983), and *Thomas v. Bowen*, 791 F.2d 730 (9th Cir. 1986). In *Powderly*, the Court found that the erroneous benefits check paid to the plaintiff's deceased husband did not constitute an overpayment under the Social Security Act, and therefore the plaintiff was not entitled to a hearing to determine her repayment obligations. 704 F.2d at 1096. Relying on the decision in *Powderly*, the Court in *Thomas* found that social security benefits payments mistakenly deposited into widows' bank accounts—i.e., unintended beneficiaries of the benefits—were erroneous payments, not overpayments, and that "appellees were therefore not entitled to waiver under section 404(b)." 791 F.2d at 734.

Defendants suggest that these two cases support their argument that because the annuity payments were addressed to Lorna Foo, they became a part of her estate, rendering Plaintiff ineligible to seek a waiver of repayment. (Defs. Mot. at 6). The court disagrees. In *Thomas* and *Powderly*, the Ninth Circuit did not address the issue of whether the benefits payments at issue were paid to an estate, and—unlike this case—did not interpret a regulation that explicitly prohibited waivers if an overpayment was made to an estate. 22 C.F.R. § 17.7(a)(2). Indeed, aside from quoting the language in the governing statute, neither case mentions the term "estate" at all. *See Powderly*, 704 F.2d at 1096 (quoting 42 U.S.C. § 404 of the Social Security Act).

Instead, the *Powderly* and *Thomas* courts addressed a very specific question, which is not before this court: whether the social security payments at issue constituted overpayments under the *Social Security Act*. In finding that they did not, the *Powderly* court relied, in part, on a Social Security Act claims manual, which provided specific guidance as to what constituted an overpayment under the Social Security Act. 704 F.2d at 1096–97. Defendants, although

arguing, like in *Powderly,* that the payments at issue here are "erroneous payments" and not "overpayments," have not pointed to a similar regulation or provision in the Foreign Services Act context. Accordingly, these Ninth Circuit decisions—which address a different question based on different regulations—do not aid this court in determining whether the annuity payments at issue in this case were paid into an estate, and the court can discern no reason in their holdings to reconsider its earlier decision.

The court finds Defendants' reliance on *Rossini v. Office of Pers. Mgmt.,* 101 M.S.P.R. 289 (2006), similarly unpersuasive. There, the Merit Systems Protection Board noted that annuity payments deposited into the plaintiff's deceased mother's bank account were paid into her mother's estate. 101 M.S.P.R. at 295. In this case, however, the payments were deposited into a joint bank account, to which Plaintiff had the right of survivorship under Hawaiian law, not into an account solely owned by Plaintiff's mother, and therefore they were not deposited into an estate. Thus, *Rossini,* like *Thomas* and *Powderly*, does not convince the court of the need to reconsider its decision that the annuity payments were not deposited into an estate.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration will be DENIED. The court will remand the case to the FSGB for consideration of the merits of Plaintiff's waiver request. A corresponding Order will issue separately.

Date: January 19, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge